IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KIMBERLY A. SNYDER,

    Plaintiff,

v.                                                           Civil Action No. 5:11CV19
                                                                         (STAMP)
RAYMOND A. BANNAN, M.D. and
KATHRYN M. CLARK, O.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND AND**
**DENYING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES**

    I.  Facts and Procedural History

The above-styled civil action is before this Court as a result of a notice of removal filed on February 7, 2011 by defendant Raymond A. Bannan, M.D. ("Bannan"), in which the defendant asserts that federal jurisdiction is pursuant to 28 U.S.C. § 1332. On September 3, 2009, the plaintiff commenced this action in the Circuit Court of Ohio County, West Virginia, alleging professional negligence claims against defendants Bannan and Kathryn M. Clark ("Clark").[1] Prior to removal, the parties voluntarily dismissed non-diverse defendant Clark. Following removal of the action to this Court, the plaintiff filed a motion to remand, to which defendant Bannan responded in opposition. The plaintiff did not

---

    [1]The plaintiff filed a previous action against defendant Bannan only in the Circuit Court of Ohio County, West Virginia. Bannan removed the case to this Court. On September 1, 2009, the plaintiff filed a motion to voluntarily dismiss, which this Court granted. The plaintiff then refiled the civil action in state court against both defendant Bannan and defendant Clark.

file a reply. For the reasons set forth below, the plaintiff's motion to remand is granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

## III. Discussion

A. Remand

The second paragraph of 28 U.S.C. § 1446(b) states:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The defendant argues that this Court should waive the one year requirement of § 1446 under equitable considerations. The defendants use case law from other circuit courts to encourage an equitable reading of § 1446. See Tedford v. Warner-Lambert Co., 327 F.3d 423, 426 (5th Cir. 2003) (holding that 28 U.S.C. § 1446(b) "is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit"); see also Ariel Land Owners, Inc. v. Dring, 351 F.3d 611, 614-16 (3d Cir. 2003) (finding the one year requirement to be procedural rather than jurisdictional).

The defendant, however, overlooks that the United States Court of Appeals for the Fourth Circuit does not follow the equitable approach to § 1446. See Lovern v. Gen. Motors Corp., 121 F. 3d 160, 163 (4th Cir. 1997) (asserting that the one year limitation in the statute imposes an "absolute bar" to removal after one year). The defendant argues that Lovern does not impose an absolute bar in a case such as this, where the plaintiff dismisses the non-diverse defendant more than one year after filing the complaint. "An 'absolute bar to removal' is necessarily 'inflexible.'" Lexington Market, Inc. v. Desman Assoc., 598 F. Supp. 2d 707, 712 (D. Md. 2009) (citing Lovern, 121 F.3d at 163). This circuit's approach cannot be reconciled with courts that take the view that § 1446 is flexible. Id.; U.S. Airways, Inc. v. PMA Capital Ins. Co., 340 F. Supp. 2d 699, 708 n.13 (E.D. Va. 2004); Culkin v. CNH Am., LLC, 598 F. Supp. 2d 758, 760 (E.D. Va. 2009). The Fourth Circuit Court of

3

Appeals has not allowed any equitable exceptions to the one year rule. Accordingly, this Court rejects the defendant's contention that the one year requirement of removal in § 1446 can be waived by this Court.

B.  Attorney's Fees and Costs

In addition to a remand, the plaintiff asks that this Court award her the attorney's fees and costs associated with pursuing this motion. With respect to the award of attorney's fees and costs, the Fourth Circuit has found that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds such awards appropriate. In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). This Court finds that such fees and costs are inappropriate in this matter because the defendant asserted at least a colorable claim to removal jurisdiction in this Court. Accordingly, this Court finds that plaintiff's request for an award of attorney's fees and costs should be denied.

IV.  Conclusion

For the reasons stated above, the plaintiff's motion to remand is hereby GRANTED. It is ORDERED that this case be REMANDED to the Circuit Court of Ohio County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Ohio County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:   April 6, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE